[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is a motion requesting that the court draft a memorandum of decision articulating its reasons for granting the plaintiff's motion to strike three special defenses.[1] The court notes that § 10-43 of the Practice Book does not require a memorandum of decision in this case. The motion to strike each special defense was premised on only one ground. Nevertheless, the court acquiesces to the plaintiffs request for a memorandum, not as a matter of right but as a matter or courtesy.
The first special defense was stricken because contributory negligence is not a proper defense to a breach of contract claim. Deluca, Inc. v.Modern Packaging, Superior Court, judicial district of Waterbury, Docket No. 149871 (October 20, 1999, Pellegrino, J.); Hiltunen v. Hiltunen,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 157415 (November 13, 1997, Lewis, J.). The second special defense was stricken because laches is not a proper defense in an action at law. A.Sangivanni Sons v. F.M. Floryan Co., 158 Conn. 467, 474 (1969);Giordano v. Giordano, 39 Conn. App. 183, 214 (1995). The third special defense was stricken because mitigation of damages is not a cognizable special defense. Union Savings Bank of Danbury v. Barry, Superior Court, judicial district of Danbury, Docket No. 320962 (March 14, 1996,Moraghan, J.).[2]
So ends the courtesy to counsel.
Moraghan, J.T.R.